(No. 4421—)

PATRICK J. SULLIVAN, JR., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

DITCHBURNE AND BOHLING, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

On December 18, 19 and 20, 1950, the United States Senate Crime Investigating Committee, commonly known as the "Kefauver Committee", held public hearings in the United States Court House in Chicago.

Prior to the commencement of the hearing on the 18th, claimant, Patrick J. Sullivan, Jr., a free lance court reporter, was introduced by Peter G. Kuh, an Assistant State's Attorney of Cook County, to A. G. Geocaris, then the acting Secretary of the Illinois Liquor Control Commission, in the vicinity of the room where the hearing was to be held.

Claimant had been employed by the Corporation Counsel of the City of Chicago, and the State's Attorney of Cook County to report the testimony given at the Chicago hearings of the Kefauver Committee.

When Geocaris learned of this, he talked to claimant about doing some reporting for the Illinois Liquor Control Commission. We assume that Geocaris was authorized, in his official capacity, to bind respondent in whatever arrangement was made with claimant.

The dispute in this case arises out of what claimant and Geocaris talked about, since respondent has refused to pay claimant the sum of $443.00 for a copy of the testimony presented at the Committee hearings on December 18 and 19, 1950. Said transcript was 886 pages in length, and was charged for at the customary rate of fifty cents per page.

Claimant maintains that Geocaris asked for a complete transcript of the Chicago hearings, and is somewhat corroborated by Kuh in this regard.

Geocaris claims that all the Illinois Liquor Control Commission was interested in was the testimony of Abe

Greenberg of the Canadian Ace Brewing Company, and Joseph Fusco of Gold Seal Liquors, two witnesses who were scheduled to appear before the Committee; and, that all the claimant was supposed to furnish to the Liquor Control Commission was a transcript of the testimony of these two witnesses.

Claimant furnished Geocaris a transcript of the first two days' hearings, and, prior to the commencement of the hearings on the third day, Geocaris learned from counsel for the Committee that Greenberg and Fusco would not appear on account of illness. Thereupon, he called claimant, and told him to do no more reporting for the Liquor Control Commission.

On December 21, 1950, claimant billed the Liquor Control Commission for his services, and later talked to Geocaris about his bill, which such Commission finally refused to pay.

Geocaris retained the transcript furnished him by claimant until March 6, 1951, when it was returned to claimant.

The long delay in returning the transcript would seem to indicate that the Liquor Control Commission made some use thereof, yet on the date of December 19th, or prior to the commencement of the hearings of the 20th, Geocaris knew that the transcript already in his hands contained no testimony of Greenberg and Fusco. If the transcript he received was not what he had ordered, Geocaris should have returned it at once. His delay in so doing permits us to draw the inference that his recollection of the so-called "conditional" offer to claimant could have been inaccurate.

Furthermore, if claimant had not been given an order to furnish the Liquor Control Commission with a copy of the transcript, why did Geocaris call claimant

before the third day's hearing commenced, and instruct him, as Geocaris testified, "to discontinue further services"?

We, therefore, conclude that claimant was engaged to furnish a complete transcript of the testimony for the hearings on December 18 and 19, 1950, and is, therefore, entitled to an award.

An award is entered in favor of claimant, Patrick J. Sullivan, Jr., in the sum of $443.00.